UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIMAVERA INVESTORS,

    Plaintiff,

v.                                          CASE NO: 8:04-cv-919-T-23EAJ

LIQUIDMETAL TECHNOLOGIES, INC., et al.,

    Defendants.
_____/

**ORDER**

After a successful arms' length negotiation of the plaintiffs' claims, the parties petitioned (Doc. 87) for preliminary approval of a "stipulation and agreement of settlement" (the "Stipulation"). A July 13, 2006 order (Doc. 90) preliminarily approved the Stipulation and, pursuant to Rule 23, Federal Rules of Civil Procedure, preliminarily certified this action as a class action on behalf of (1) all persons who, between May 21, 2002, and May 13, 2004, purchased or otherwise acquired Liquidmetal Technologies, Inc. ("Liquidmetal") common stock and were allegedly damaged and (2) all persons who purchased or otherwise acquired Liquidmetal common stock issued under or traceable to Liquidmetal's May 21, 2002, prospectus filed with Liquidmetal's initial public offering of five million shares at $15.00 per share and were allegedly damaged (collectively, "the Class"). The order of preliminary approval (Doc. 90) appoints a claims administrator, schedules a settlement fairness hearing, and approves the "Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing" (Doc. 88-3) (the "Notice"). The plaintiffs state that the notice was

provided in accord with the order of preliminary approval.  The settlement fairness hearing was held on October 18, 2006, to:

a)  determine whether this action qualifies as a class action pursuant to Rule 23(a) and (b);

b)  determine whether the proposed settlement is fair, reasonable, and adequate, and whether the settlement should be approved;

c)  determine whether the "Order and Final Judgment" proposed by the Stipulation should be entered and the complaint dismissed with prejudice on the merits and whether the released parties should be released, as provided in the Stipulation, from the settled claims of the Class;

d)  determine whether the proposed plan of allocation for the proceeds of the settlement is fair and reasonable, and whether the plan of allocation should be approved;

e)  consider the plaintiffs' counsel's application for an award of attorney fees and expenses; and

f)  rule on any other appropriate matter.

Pursuant to Rule 23, Federal Rules of Civil Procedure, the lead plaintiffs move (Doc. 94) for (1) final approval of the settlement, (2) approval of the plan of allocation, and (3) attorney fees and expenses.  The plaintiffs' motion (Doc. 94) is **GRANTED** as follows:

Jurisdiction is properly exercised over the subject matter of the action, the plaintiffs, all class members, and the defendants.

The prerequisites for a class action under Rule 23(a) and (b)(3) are satisfied because (a) the number of class members is so numerous that joinder is impracticable, (b) there are questions of law and fact common to the Class, (c) the claims of the representatives are typical of the claims of the Class they seek to represent, (d) the plaintiffs will fairly and adequately represent the interests of the Class, (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class, and (f) a class action is superior to any other available method for the fair and efficient adjudication of the controversy.

Pursuant to Rule 23, this action is certified as a class action on behalf of the Class.  Excluded from the Class is any defendant; any member of the immediate family of any individual defendant; any subsidiary or affiliate of Liquidmetal; any current or former director or officer of Liquidmetal or its subsidiaries or affiliates; any entity in which any defendant has a controlling interest; and any legal representative, heir, successor in interest, or assignee of any defendant.

Notice of the pendency of this action as a class action and of the proposed settlement was given to all class members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed settlement (1) constitutes the best notice practicable under the circumstances, (2) constitutes due and sufficient notice to all persons and entities entitled to notice, and (3) satisfies due process; Rule 23, Federal Rules of Civil Procedure; Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of

1995; Section 21D(a)(7), Securities Exchange Act of 1934,15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; and any other applicable law.

The settlement is **APPROVED** as fair, reasonable and adequate, and the class members and the parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation.

The complaint, filed in good faith and in accord with Rule 11 and the Private Securities Litigation Reform Act, is **DISMISSED WITH PREJUDICE** and without costs, except as provided in the Stipulation, as against the defendants.

Every class member and any heir, successor, executor, administrator, or assignee of any class member is permanently barred and enjoined from instituting, commencing, or prosecuting any and all claims, demands, rights, causes of action or liabilities (of every nature and description whatsoever, whether based in law or equity; on federal, state, local, statutory, or common law; or any other law, rule or regulation) including both known claims and unknown claims that have been or could have been asserted in any forum by any class member, or any successor or assign of any class member (whether directly, indirectly, derivatively, representatively or in any other capacity against any of the released parties).  The "settled claims" include any claim arising out of or relating in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this action, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of

duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon, or related in any way to the purchase, acquisition, sale, or disposition of Liquidmetal securities by any class member during the class period (except that a settled claim excludes any claim against the released parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, which claim is not common to the Class) against Liquidmetal; its past or present affiliates, subsidiaries and parents; all of the above entities' representatives, shareholders, creditors, principals, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents and successors in interest; including but not limited to a trustee appointed in a bankruptcy proceeding, a receiver, or an assignee for the benefit of creditors; and the excluded defendants (as defined above) (the "released parties").  The settled claims are compromised, settled, released, discharged, and dismissed as against the released parties on the merits and with prejudice by virtue of the proceedings and this order and final judgment.

Any defendant or any heir, successor, or assignee of any defendant is permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any claim, right, or cause of action or liability, whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, including both any known claim or any unknown claim, that has been or could have been asserted in the action or in any forum by any defendant or any successor or assignee of any defendant against any plaintiff, class member, or attorney of any plaintiff or class member, which claim arises out of or in any way relates to the

institution, prosecution, or settlement of the action, except for any claim to enforce the settlement (the "settled defendants' claims"), against any plaintiff, class member, or any attorney of any plaintiff or class member.  The settled defendants' claims of every released party are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this order and final judgment.

In conformance with Section 21D(f)(7) of the Securities Exchange Act of 1934 and the common law of the U.S. Court of Appeals for the Eleventh Circuit, the released parties are discharged from all claims for contribution and equitable indemnity by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the settled claims of the Class or any class member.  Accordingly, to the maximum extent permitted by law, this order bars all claims for contribution and equitable indemnity (a) against the released parties; and (b) by the released parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this order and final judgment.

Neither this order and final judgment, the Stipulation, any of the Stipulation's terms and provisions, any of the negotiations or proceedings connected with the Stipulation, nor any of the documents or statements referred to in the Stipulation shall be:

a)  offered or received against the defendants as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of the

defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the defendants;

    b)  offered or received against the defendants as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any defendant;

    c)  offered or received against the defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this order and final judgment and the Stipulation; provided, however, that upon the court's approval of the Stipulation, the defendants may refer to the order and final judgment and the Stipulation to effectuate the liability protection arising from the order and final judgment;

    d)  construed against the defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    e)  construed as or received in evidence as an admission, concession, or presumption against the plaintiffs or any of the class members that any of their claims are without merit, or that any defenses asserted by the defendants have any merit, or

that damages recoverable under the complaint would not have exceeded the gross settlement fund;

The plan of allocation is **APPROVED** as fair and reasonable. The plaintiffs' counsel and the claims administrator shall administer the Stipulation in accordance with its terms and provisions.

All parties and their counsel have complied with each requirement of Rule 11, Federal Rules of Civil Procedure.

In support of the award of attorney's fees and expenses, the plaintiffs state the following:

a)  The settlement has created a fund of $7.025 million in cash that is already on deposit, plus interest thereon and numerous class members who submit acceptable proofs of claim will benefit from the settlement created by plaintiffs' counsel;

b)  Over 16,312 copies of the settlement notice were disseminated to putative class members indicating that the plaintiffs' counsel were moving for attorney's fees in an amount not to exceed one-third (30%) of the gross settlement fund and for reimbursement of their expenses in approximate amount of $250,000, plus interest on such expenses at the same rate as earned by the settlement fund.  No objections were filed against the terms of the proposed settlement or the ceiling on the fees and expenses requested by the plaintiffs' counsel;

c)  The plaintiffs' counsel have conducted the litigation and achieved the settlement with skill, perseverance, and diligent advocacy;

...
...

d) The action involves complex factual and legal issues, was actively prosecuted over two years, and (in the absence of a settlement) would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

e) Had the plaintiffs' counsel not achieved the settlement, a significant risk would remain that the plaintiffs and the Class might recover less or nothing from the defendants;

f) The plaintiffs' counsel have devoted 3,018.10 hours, with a lodestar value of $1,131,721.25, to achieve the settlement; and

g) The amount of attorney fees awarded and expenses reimbursed from the settlement fund are consistent with awards in similar cases.

Accordingly, the plaintiffs' counsel are hereby awarded fair and reasonable attorney fees in amount equal to 30% of the gross settlement fund and reimbursement of expenses in the amount of $149,003.00.  The expenses shall be paid to the Plaintiffs' co-lead counsel from the settlement fund, plus interest from the date such settlement fund was funded to the date of payment at the same net rate that the settlement fund earns.  The award of attorney fees shall be allocated among the plaintiffs' counsel in a fashion which, in the opinion of the plaintiffs' co-lead counsel, fairly compensates the plaintiffs' counsel for their respective contributions in the prosecution of the action.  In addition, plaintiff Scott Purcell is awarded reimbursement of costs and expenses in the amount of $1,349.74 from the gross settlement fund.  Plaintiff John Lee is awarded reimbursement of costs and expenses in the amount of $875.00 from the gross settlement fund.

In summary, the lead plaintiffs' motion (Doc. 94) for (1) final approval of the settlement, (2) approval of the plan of allocation, and (3) attorney's fees and expenses is **GRANTED**.  Pursuant to the Stipulation, the complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

The court retains jurisdiction to enforce the Stipulation and this order and to hear any motion for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.  Before filing any motion, the parties are directed to confer in a good faith effort to resolve any dispute without the involvement of the court.

The Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on October 19, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy